JS 44 (Rev. 12/12) LDD 16-cv-1483

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Jason Scott

(b) County of Residence of First Listed Plaintiff Bergen, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Pasquarella, Kunnel & Pomo
121 S. Broad St., 18th Fl, Phila, PA 19107
(215) 665-1900

**DEFENDANTS**

National Railroad Passenger Corporation a/k/a AMTRAK and Brian Bostian

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- X 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | X 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | XX 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- X 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- XX 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 - Diversity

Brief description of cause:
Train Derailment in PHiladelphia, PA

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: XX Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE Hon. LEgrome D. Davis DOCKET NUMBER 2:15-cv-02694-LDD

DATE 3/30/2016 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

APR 01 2016

LDD 16 1483

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 381 Tryon Avenue, Englewood, NJ 07631

Address of Defendant: 60 Massachusetts Avenue, Washington, DC 20002; 10920 71st Rd, Apt 5J, Forest Hills, NY 11375

Place of Accident, Incident or Transaction: Frankford Junction, a few miles northeast of 30th Street, Philadelphia, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No☐

*RELATED CASE, IF ANY:*
Case Number: 2:15-cv-02694-LDD Judge Hon. Legrome D. Davis Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Train Derailment
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Dennis A. Pomo, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 03/30/2016 [signature] Attorney-at-Law 48381 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ______ ______ Attorney-at-Law ______ Attorney I.D.#

CIV. 609 (5/2012)

APR 01 2016

LDD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

JASON SCOTT : CIVIL ACTION
v. :
NATIONAL RAILROAD PASSENGER :
CORPORATION A/K/A AMTRAK :
AND :
BRIAN BOSTIAN : NO. 16 1483

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

**March 30, 2016** — [signature] — **Dennis A. Pomo, Esquire**
**Date** — **Attorney-at-law** — **Attorney for Plaintiff**

(215) 665-1900 — (215) 732-2072 — pnpfirm@yahoo.com
**Telephone** — **FAX Number** — **E-Mail Address**

(Civ. 660) 10/02

APR 01 2016

$40 d

LDD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON SCOTT<br>381 Tryon Avenue<br>Englewood, NJ 07631<br>Plaintiff | : | CIVIL ACTION .NO.:.<br>16 1483 |
| vs. | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK<br>60 Massachusetts Avenue<br>Washington, D.C. 20002 | : | JURY TRIAL DEMANDED |
| And | : | |
| BRIAN BOSTIAN<br>10920 71st Road, Apt 5J<br>Forest Hills, New York 11375<br>Defendants | : | |

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiffs' claims are asserted pursuant to 28 U.S.C. § 1332, because the amount in controversy threshold is met and diversity of citizenship exists.

2. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §.1391(b) because the causes of action upon which the Complaint is based arose in Philadelphia County, Pennsylvania which is within the Eastern District of Pennsylvania.

**PARTIES**

3. Plaintiff, Jason Scott is and adult individual residing in New Jersey at the above captioned address.

4. Defendant, National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue Washington, D.C.20002.

5. Defendant, Brandon Bostian is an adult individual residing in New York at the above captioned address.

6. At all times material hereto, Defendant, Amtrak engaged in substantial and continuous business activities in the Commonwealth of Pennsylvania , including high speed passenger railway activities, constituting significant contacts within Pennsylvania.

7. At all relevant times, Defendant, Amtrak was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of the Defendant.

8. At all relevant times, Defendant, Brandon Bostian was the agent, servant, workman and/or employee of Defendant Amtrak and was acting within the course and scope of her authority.

9. Amtrak Train engineer Brandon Bostian had served as an engineer with Amtrak since December 2010 and was the Engineer of Train 188 at the time of the accident.

10. At all times material hereto, Plaintiff, Jason Scott was a passenger on Amtrak Train 188 at the time of the derailment that occurred at Frankford Junction on May12, 2015 and sustained injuries as a result of the careless, reckless and outrageous conduct of Defendant, Amtrak, and Defendant, Brian Bostian, which will be set forth below in further detail.

11. The injuries and damages alleged in this lawsuit arise out of the aforesaid business activities of defendants in the Commonwealth of Pennsylvania.

**INTRODUCTION**

12. On May 12, 2015, Amtrak Regional Rail Train 188 was traveling approximately 106 mph as it approached Frankford Junction in Philadelphia, Pennsylvania, a few miles northeast of 30th Street Station.

13. This speed was outrageously fast given the nature of the considerable curvature of the tracks in that location.

14. Amtrak has been on notice of this dangerous turn in the location of Frankford Junction for decades.

15. Amtrak knew or should have known that the necessary land area was available to reduce the degree of curvature of the track at Frankford Junction, to make the curve safer at increased speeds.

16. As a result of Defendants' negligent, careless and reckless operation of Train 188, all seven passenger cars and the locomotive of Train 188 derailed, causing one car to flip upside down and several others to be thrown onto their sides.

17. Upon information and belief there were approximately 238 passengers and 5 crew members on board Train 188 at the time of the crash.

18. Eight passengers died in the tragedy and over 200 passengers were injured, including the Plaintiff in this litigation who sustained serious and permanent injuries discussed more fully below.

19. When defendant, Defendant, Brian Bostian operated Train 188 out of Philadelphia he reached excessive, negligent, careless, and reckless speeds which resulted in Train 188 taking the sharp and dangerous curve at Frankford Junction in excess of two times the legal speed.

20. Defendant's actions resulted in the train violently leaving the tracks and flipping over.

21. Prior to the accident, wayside signals alerted or should have alerted the operator of Train 188 to the sharp and dangerous curve ahead to warn him to reduce speed.

22. Upon information and belief one minute and five seconds before the crash, the train was traveling at 70 miles per hour.

23. Upon information and belief, 43 seconds before the crash, the train was traveling at 80 miles per hour.

24 .Upon information and belief, 31 seconds before the crash, the train was traveling at 90 miles per hour.

25. Upon information and belief, 16 seconds before the crash, the train topped 100 miles per hour.

26. The operator of Train 188 failed to reduce the train's speed until he applied the emergency brake just seconds before the crash, which only slowed the train from 106 mph to 102 mph at the time of the crash.

27. At all times relevant to this accident, Defendant Amtrak knowingly failed to equip Train 188 with a Positive Train Control system (hereinafter "PTC").

28. PTC is a GPS communication- and processor-based train control technology designed to prevent train-to-train collisions as well as over-speed train derailments.

29. Positive train control provides real-time information to train crew members about, among other things, the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

30. Positive train control also warns the train crew of the train's safe braking distance in curved or reduced-speed locations, and displays the same on screens inside the locomotive's cab.

31. The PTC system works to automatically stop a train if the train operator fails to begin stopping a train or slow a train down within a speed-restricted area.

32. If the engineer does not respond to the ample warnings and on-screen displays, the positive train control system will automatically activate the brakes and safely stop the train.

33. PTCs were designed specifically to prevent train-to-train collisions and prevent derailments caused by excessive speeds, among other purposes.

34. At all times relevant hereto, PTC systems were affordable, available, feasible, and intended to improve safety.

35. Currently, PTC systems are operational on various stretches of railroad throughout Massachusetts, Connecticut, New Jersey, Maryland, and Delaware.

36. Defendant Amtrak knowingly and intentionally failed to put in place a PTC system on the Amtrak Train 188 and/or on the Northeast Corridor, where this tragic and preventable accident occurred.

37. Amtrak also utilizes an automated control system/advanced civil speed enforcement system which uses mechanical means to slow down trains traveling at excess speeds.

38. Amtrak utilizes automated control system/advanced civil speed enforcement system for trains traveling southbound in the area of this accident, but failed and/or refused to utilize this safety system for trains traveling northbound, such as Train 188.

39. Thus, Amtrak failed to use available and in-use safety technology for trains and passengers on the accident stretch of track which would have prevented this horrific incident

40. The computer/alert system which was in the Amtrak Train 188 failed to properly alert the engineer of the need to reduce speeds.

41. The train-control system in place on the Train 188 was defective in that it allowed the operator(s) of the train to bypass and/or ignore the alarm signal.

42. The operator(s) of the train bypassed and/or ignored the alarm signal.

43. The train-control system in place on the Train 188 failed to adequately stop or slow down the train.

44. The locomotive of Train 188 was manufactured and built by Siemens in 2014.

45. Amtrak failed to use readily available and safer train control and/or alert system technology, which would have prevented this tragedy.

46. Through its careless and reckless operation on the tracks and inexcusable decision not to include a necessary safety system, Amtrak caused this horrific tragedy, which killed at least eight people and injured hundreds, including the plaintiff herein.

47. Had proper precautions and safety measures been implemented by Amtrak and the train operator, this tragedy would have been prevented and countless innocent lives would not have been devastated.

48. Amtrak, through its President and CEO, has admitted that it is responsible for this crash which killed eight victims and injured dozens more.

**COUNT I**

**NEGLIGENCE**

**PLAINTIFFS V. AMTRAK**

49. Plaintiff hereby incorporates all preceding paragraphs as if set forth herein at length.

50. Train 188 was operated by Defendant Amtrak at the time of the deadly derailment.

51. Amtrak owed its passengers the highest duty to ensure their safety during their travels.

52. Plaintiffs and the other passengers on Train 188 trusted Amtrak with their lives as they rode as passengers on the train with no ability to control the operation themselves or prevent a derailment.

53. Amtrak controlled the train route, the tracks and signals on the tracks.

54. Amtrak, by and through its employees and/or agents caused the injuries and damages sustained by Plaintiffs and acted carelessly, negligently, grossly negligently, recklessly, and outrageously through the following actions and/or inactions:

a. Operating Train 188 at over twice the legal speed limit;

b. Operating Train 188 at 106 mph just before the derailment;

c. Operating Train 198 at 102 mph at the time of the derailment;

d. Failing to slow down as Train 188 approached the dangerous curve at Frankford Junction;

e. Failing to adequately train the operator and crew on the train;

f. Hiring an incompetent operator, engineer and/or crew to operate the train;

g. Failing to ensure the train was equipped with a PTC or other speed limiting system;

h. Failing to ensure the train was equipped with an advanced civil speed enforcement system;

i. Failing to properly inspect the train in question;

j. Failing to properly inspect the railroad tracks at Frankford Junction;

k. Failing to properly maintain and/or repair the train in question;

l. Failing to properly maintain and/or repair the railroad tracks/track system in question;

m. Failing to take proper action in response to complaints about the railroad tracks in question;

n. Permitting a train carrying hundreds of passengers to enter the sharp turn at Frankford Junction at speeds of 106 m.p.h., even though the speed limit was 50 m.p.h.;

o. Failing to have properly trained personnel inspect the condition of the train's control system;

p. Failing to have properly trained personnel inspect, the condition of the railroad's train-control system;

q. Failing to perform required inspections of the railroad tracks/track system in question;

r. Failing to perform required inspections of the train in question;

s. Failing to install a proper train-control speed system;

t. Violating governmental statutes, regulations and requirements with respect to the train and train system in question;

u. Failing to properly inspect, maintain, and repair the signal system associated with the train and train 'tracks in question;

v. Failure to comply with the Defendant's own safety, operating, and other rules, procedures and regulations;

w. Allowing improperly trained and unqualified personnel to operate the train in question;

x. Failing to comply with the rules: of the Northeast Operating Rules Advisory Committee (NORAC);

y. Failing to use shatterproof glass for the windows of the train;

z. Failing to comply with the Rail Safety Improvement Act (RSIA);

aa. Failing to comply with the Federal Locomotive Inspection Act; and

ab. Failing to reduce the degree of curvature of the Frankford Junction Curve, given the ever increasing speed capabilities of its trains and the time schedules expected to be kept by its engineers and conductors.

55. By reason of the aforesaid negligence of the Defendant as hereinbefore alleged, the Plaintiff, suffered severe and permanent injuries to his head, neck, back, arms, legs and body; he suffered severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms, legs and body including but not limited to L5-S1 disc herniation, L4-L5 bulging annulus, left patellar tendonitis with a small to moderate-sized partial tear within the deep central distal patellar tendon fibers, lateral miniscal tear with adjacent parameniscal cysts, Grade 1 ACL sprain, mild patellar maltracking of the left knee, left knee effusion, bruised ribs, closed head injury, anxiety, nightmares, cervical, thoracic and lumbar strain and sprain, left leg strain and sprain, right elbow strain and sprain, right rib contusions, right hand and thumb injuries and post traumatic headaches. The Plaintiff suffered internal injuries of an unknown nature. He suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries, the full extent of which is not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss. The Plaintiff believes and therefore avers that his injuries are permanent in nature.

56. As a result of the aforesaid occurrence, the Plaintiff has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

57. As a result of the aforesaid occurrence, the Plaintiff has been prevented from attending to his usual and daily activities and duties, and may be prevented for an indefinite period of time in the future, all to his great detriment and loss.

58. As a result of the aforesaid occurrence, the Plaintiff has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

59. As a result of the aforesaid occurrence, plaintiff has sustained economic and property damages.

60. Defendants are responsible for these damages as well as punitive damages in connection with their outrageous conduct.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs and attorney's fees.

**COUNT II - OUTRAGEOUS CONDUCT (PUNITIVE DAMAGES)**

**PLAINTIFFS v. AMTRAK**

61. All preceding paragraphs are incorporated herein by reference.

62. Defendant, by and through its agents and employees, operated the subject train at a rate of speed in excess of 100 miles per hour prior to derailment.

63. Defendant, by and through its agents and employees, operated the subject train at a rate of speed twice the posted speed limit prior to derailment.

64. A passenger train should never be operated at a rate of speed twice the speed limit.

65. Operation of a passenger train at a rate of speed twice the speed limit is reckless and outrageous.

66. Defendant, Amtrak blatantly ignored the safety and design recommendations of the National Transportation Safety Board regarding the use and implementation of the PTC system.

67. Defendant, Amtrak knew that the dangerous condition in conjunction with the lack of PTC system on its train posed a very high risk of serious bodily injury and/or death to passengers.

68. Defendant. Amtrak knowingly, willfully and intentionally failed to take proper and recommended action to make its trains safe for passengers.

69. Defendant, Amtrak failed to incorporate the NTSB safety recommendations and safety designs to save money.

70. Defendant, Amtrak put profits over people and exposed its passengers to unsafe conditions and hazards to improve their bottom line.

71. Defendant's conduct rises to the level of outrageous conduct by willfully and recklessly ignoring the known dangerous condition of Train 188 and Frankford Junction which caused death and injuries.

72. Defendant acted in a willful, wanton and reckless disregard for-the safety of its passengers.

73. This derailment was the result of conduct carried out by Amtrak with a conscious and flagrant indifference to the rights and safety of others.

74. This and other misconduct constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others to support an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs and attorney's fees.

Respectfully submitted,

**BY:** ______________________

DENNIS A. POMO, ESQUIRE
Attorney Identification Number: 48381
PASQUARELLA, KUNNEL & POMO
121 S. Broad Street, 18th Floor
Philadelphia, PA 19107
Tel: (215) 665-1900
**Attorney For Plaintiff**

**NOTICE OF DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

PASQUARELLA, KUNNEL & POMO

BY: ______________________

DENNIS A. POMO, ESQUIRE
Attorney Identification Number: 48381
Pasquarella, Kunnel & Pomo
121 S. Broad Street, 18th Floor
Philadelphia, PA 19107
Tel: (215) 665-1900
**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON SCOTT<br>381 Tryon Avenue<br>Englewood, NJ 07631<br>Plaintiff<br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK<br>60 Massachusetts Avenue<br>Washington, D.C. 20002<br>And<br>BRIAN BOSTIAN<br>10920 71st Road, Apt 5J<br>Forest Hills, New York 11375<br>Defendants | : | CIVIL ACTION .NO.:.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

**CERTIFICATION**

I, Dennis A. Pomo, Esquire, hereby state that a true and correct copy of the Complaint was sent to the following via Certified Mail, Return Receipt Requested and First Class Mail:

**NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK**
60 Massachusetts Avenue
Washington, D.C. 20002

**AND**

**BRIAN BOSTIAN**
10920 71st Road, Apt 5J
Forest Hills, New York 11375

PASQUARELLA, KUNNEL & POMO

BY: ________________________
DENNIS A. POMO, ESQUIRE
Attorney Identification Number: 48381
121 S. Broad Street, 18th Floor
Philadelphia, PA 19107
Tel: (215) 665-1900
**Attorney For Plaintiff**

DATE: MARCH 30, 2016