IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT, | : MDL NO.: 2654 |
| Plaintiff, | : |
| v. | : This Action Relates To: |
| | : Civil Action No.: 2:16-cv-1483-LDD |
| NATIONAL RAILROAD PASSENGER CORPORATION and BRIAN BOSTIAN | : |
| Defendants. | : |

### DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") AND BRANDON BOSTIAN I/P/A BRIAN BOSTIAN'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants National Railroad Passenger Corporation ("Amtrak") and Brandon Bostian i/p/a Brian Bostian (collectively "defendants"), by way of Answer to plaintiff's Complaint, say:

### JURISDICTION AND VENUE

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except admit that this Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1349.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except admit that venue is proper in the Eastern District of Pennsylvania pursuant to the October 13, 2015 decision

4812-7163-2690v.1

of the Judicial Panel on Multidistrict Litigation centralizing pending cases arising from the derailment of Train 188 in the Eastern District of Pennsylvania for the purpose of consolidated pretrial proceedings.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendants admit the allegations contained in Paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Amtrak admits it operates a passenger railroad and conducts business in the Commonwealth of Pennsylvania.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except admit that Amtrak employed Brandon Bostian as an engineer on May 12, 2015 and Brandon Bostian was the engineer on Train 188 when it derailed.

4812-7163-2690v.1

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except admit that Amtrak employed Brandon Bostian as an engineer on May 12, 2015 and Brandon Bostian was the engineer on Train 188 when it derailed.

9. Defendants admit the truth of the allegations contained in Paragraph 9.

10. Defendants deny the truth of the allegations contained in Paragraph 10, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning any injuries or losses suffered by plaintiff, and Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except admit that Train 188 derailed in the Commonwealth of Pennsylvania.

## INTRODUCTION

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except admit that Train 188 was traveling in excess

3

of the allowable speed at the time the train derailed on May 12, 2015 in Philadelphia, PA.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Defendants deny the truth of the allegations contained in Paragraph 16, except admit that Train 188 derailed.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, except admit that Train 188 had five crew members at the time of its derailment.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, except admit that 8 passengers died and a number of passengers were injured.

19. Defendants deny the truth of the allegations contained

in Paragraph 19, except admit that Train 188 was traveling in excess of the allowable speed at the time the train derailed on May 12, 2015 in Philadelphia, PA.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, except admit that Train 188 was traveling in excess of the allowable speed at some point prior to the derailment.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except admit that Train 188 was traveling in excess

4812-7163-2690v.1

of the allowable speed at some point prior to the derailment.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except admit that Train 188 was traveling in excess of the allowable speed at the time it derailed.

27. Defendants deny the truth of the allegations contained in Paragraph 27, except admit that Train 188 was not utilizing PTC at the time it derailed.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, except admit that PTC is in use on certain sections of track in several states.

36. Defendants deny the truth of the allegations contained in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except admit that Amtrak has speed enforcement equipment in place on certain sections of track.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, except admit that Amtrak has speed enforcement equipment in place for southbound trains in the area of the derailment at issue and that ATC was not being utilized for

northbound trains at the time Train 188 derailed.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Defendants admit the allegations contained in Paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Defendants deny the truth of the allegations contained

in Paragraph 46, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, except refer the Court to the complete version of any statement cited for its complete contents, and Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF V. AMTRAK**

49. Defendants repeat and reallege the answers to the allegations contained in Paragraphs "1" through "48" as though set forth at length herein.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 50, except admit that Amtrak Engineer Bostian was the engineer on Train 188 at the time of the derailment.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and refer all questions of law to the Court.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, except admit that Amtrak owned and maintained the tracks at issue and signals on the tracks.

54. Defendants deny the truth of the allegations contained in Paragraph 54 and it subparts (a) through (ab), except admit that Train 188 was traveling in excess of the allowable speed at the time the train derailed, and Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the

derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

60. Defendants deny the truth of the allegations contained

4812-7163-2690v.1

in Paragraph 60, except Amtrak states that it will not contest liability for compensatory damages proximately caused by the derailment of Train 188 on May 12, 2015 in Philadelphia, PA.

### COUNT II
### OUTRAGEOUS CONDUCT (PUNITIVE DAMAGES)
### PLAINTIFF V. AMTRAK

61. Defendants repeat and reallege the answers to the allegations contained in Paragraphs "1" through "60" as though set forth at length herein.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, except admit that Train 188 was traveling in excess of the allowable speed at some point prior to the derailment.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, except admit that Train 188 was traveling in excess of the allowable speed at some point prior to the derailment.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65. Defendants deny the truth of the allegations contained in Paragraph 65.

66. Defendants deny the truth of the allegations contained

in Paragraph 66.

67. Defendants deny the truth of the allegations contained in Paragraph 67.

68. Defendants deny the truth of the allegations contained in Paragraph 68.

69. Defendants deny the truth of the allegations contained in Paragraph 69.

70. Defendants deny the truth of the allegations contained in Paragraph 70.

71. Defendants deny the truth of the allegations contained in Paragraph 71.

72. Defendants deny the truth of the allegations contained in Paragraph 72.

73. Defendants deny the truth of the allegations contained in Paragraph 73.

74. Defendants deny the truth of the allegations contained in Paragraph 74.

**WHEREFORE**, defendants National Railroad Passenger Corporation ("Amtrak") and Brandon Bostian i/p/a Brian Bostian demand judgment, dismissing the Complaint, and such other relief as the Court deems just and proper.

4812-7163-2690v.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent plaintiff has failed to mitigate his damages, any recovery by plaintiff should be reduced accordingly.

### SECOND AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred by 49 U.S.C. § 28103.

### THIRD AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred by the United States Constitution, including, *inter alia*, the Due Process, Equal Protection and Excessive Fines Clauses of the Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are preempted and/or precluded by federal law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's award, if any, is controlled and limited by the applicable provisions of 49 U.S.C. § 28103.

### SIXTH AFFIRMATIVE DEFENSE

To the extent certain expenses incurred by plaintiff arising from the incident in question have been paid by Amtrak, there should be a set off against any recovery by plaintiff in the amount of such payments.

14

4812-7163-2690v.1

### SEVENTH AFFIRMATIVE DEFENSE

To the extent certain expenses incurred by plaintiff arising from the incident in question have been paid by Amtrak, any recovery by plaintiff should be reduced to the extent of such payments pursuant to the doctrine of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve all rights to add additional affirmative defenses which may be ascertained in the course of discovery in this action.

**WHEREFORE,** defendants National Railroad Passenger Corporation ("Amtrak") and Brandon Bostian i/p/a Brian Bostian demand judgment, dismissing the Complaint, and such other relief as the Court deems just and proper.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants
National Railroad Passenger
Corporation ("Amtrak") and Brandon
Bostian i/p/a Brian Bostian
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
(215) 561-8540

By: _____
Yuri J. Brunetti, Esq.

Dated: June 6, 2016

4812-7163-2690v.1